UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RANDOLPH PURYEAR,

    Petitioner,

v.                                        CASE NO: 8:09-cv-2586-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
_____/

## ORDER

Petitioner, Randolph Puryear, ("Puryear") an inmate in the Florida penal system proceeding with counsel, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 (Dkt. #1). The Court has considered the petition, Respondent's response (Dkt. #15) and Petitioner's reply (Dkt. #18). Upon review, the Court determines that the petition must be denied because Petitioner has failed to demonstrate that he meets the criteria for relief pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner challenges his convictions for second degree murder, two counts of aggravated assault with a weapon, and carrying a concealed firearm in the Thirteenth Judicial Circuit, Hillsborough County, Florida. *State v. Puryear*, No. 00-CF-015261, 2002 WL 34365679 (Fla. 13th Cir. Dec. 20, 2002). Petitioner was convicted by a jury and adjudicated guilty in accordance with the verdicts. He was sentenced to a mandatory 25-year prison term

on the second degree murder count and concurrent five-year prison terms for the remaining convictions.

Petitioner appealed and on August 25, 2004, after briefings and oral arguments, the appellate court affirmed the conviction and sentence. *See Puryear v. State,* 891 So. 2d 2 (Fla. 2d DCA 2004). The court found no reversible error in any of the several issues raised by Petitioner on appeal, but chose to discuss one of those issues–the trial court's violation of Rule 3.300(b) by summarily dismissing jurors without affording the defendant the right to examine jurors orally in voir dire–which is one of the grounds raised by Petitioner in the instant petition for writ of habeas corpus.

The state appellate court acknowledged that it was an "error for the trial court to dismiss the prospective juror without giving Puryear 'an opportunity to question the juror to clarify whether [his] answers to prior questioning indicated an inability to fulfill [his] obligations as a juror.'" *See id.* at 3, citing *Howard v. State*, 869 So. 2d 725, 726 (Fla. 2d DCA 2004). However, although Puryear's counsel contemporaneously objected to the trial court's dismissal of the prospective juror without inquiry by the defense, he affirmatively accepted the jury without reservation of his earlier objection, thus abandoning his objection and preventing Puryear from raising it on appeal. *See Joiner v. State,* 618 So. 2d 174 (Fla. 1993). Had defense counsel renewed his objection, he would have provided the trial court with a final opportunity to correct its error, dismiss the venire panel, and start over with a new venire panel.

On October 28, 2005, Petitioner filed a motion for postconviction relief under Florida Rules of Criminal Procedure 3.850, raising eight grounds for relief. Two of those grounds are the subject of the present petition–failure of Petitioner's trial counsel to timely restate an objection to the trial court's improper dismissal of three prospective jurors without allowing the defense to inquire of the veniremen, and ineffective assistance for not objecting to the forcible felony portion of the jury instruction on self-defense.

The postconviction court held an evidentiary hearing on grounds one, two, four, six, seven, and eight, in which Puryear, his two trial attorneys, attorney Ronald Cacciatore, and the state prosecutor who prosecuted Puryear's case were called as witnesses. On October 8, 2007, the postconviction court issued a final order denying Petitioner's Motions for Post-Conviction Relief. *See State v. Puryear,* No. 00-15261, 2007 WL 4622468 (Fla. 13th Cir. Oct. 8, 2007).

Petitioner appealed. The state appellate court per curiam affirmed without written decision. *See Puryear v. State*, 11 So. 3d 952 (Fla. 2d DCA 2009) [table].

On December 23, 2009, Petitioner filed the instant 28 U.S.C. § 2254 petition. Petitioner claims that his trial counsel violated his Sixth Amendment right to effective assistance of counsel on two grounds: (1) by failing to restate his objections to the trial court's improper dismissal of potential jurors without allowing any inquiry or rehabilitation by defense counsel prior to the swearing-in of the jury; and (2) by failing to object to the trial court's self-defense instruction which, according to Petitioner, "erroneously" included a forcible felony exception to the defense (Dkt. No. 1). Respondent acknowledges that the

petition is timely, but asserts that Petitioner has failed to demonstrate that he meets the criteria for relief pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the Court agrees.

## STANDARD OF REVIEW

Because Petitioner's conviction was entered after the enactment of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), his petition is subject to its provisions. The AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and ensure that state-court convictions are given effect to the extent possible under law." *See Bell v. Cone*, 535 U.S. 685, 693 (2002). Thus, the standard of review required in a federal habeas corpus proceeding is "highly deferential," which demands that "state court decisions be given the benefit of the doubt," resulting in a heavy burden on the petitioner to successfully overturn a state court conviction. *See Bell v. Cone*, 543 U.S. 447, 455 (2005).

In cases like Petitioner's, where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). Pursuant to 28 U.S.C. § 2254(d), habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

>   (2) resulted in a decision that was based on an unreasonable determination
>   of the facts in light of the evidence presented in the State court proceeding.

Whether a state court's decision was "unreasonable" must be "assessed in light of the record the court had before it." *See Holland v. Jackson*, 542 U.S. 649, 652 (2004). A factual finding by a state court is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(d)(2); *Henderson v. Haley*, 353 F.3d 880, 890-91 (11th Cir. 2003).

## DISCUSSION

Petitioner contends that his trial counsel violated his Sixth Amendment right to effective assistance on two grounds. In ground one, Petitioner claims that his trial counsel was ineffective by failing to timely restate his objection (prior to the swearing-in of the jury) to three prospective jurors being stricken without allowing defense counsel an opportunity to question them. Petitioner contends that he was prejudiced by his counsel's deficiency in failing to preserve the objection for appeal because it deprived him of an appellate reversal and a new trial. *See Howard v. State*, 869 So. 2d 725, 727 (Fla. 2d DCA 2004). (Dkt. No. 1 at 9).

The Sixth Amendment guarantees criminal defendants the right to effective counsel. According to *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), a successful claim of ineffective assistance of counsel requires a defendant to: (1) show that counsel's performance fell below an objective standard of reasonableness as determined by prevailing professional norms; and (2) show that the deficient performance of counsel served to

prejudice his defense. Prejudice will be found when there is a reasonable probability that, but for the deficient performance of counsel, the outcome of the proceeding would have been different. *Id.* at 694. In determining prejudice, the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id*. at 696.

Here, it is the result of the appeal that is being challenged. The appeal was denied and Puryear claims that, but for his counsel's error, it would have succeeded. Petitioner likens the circumstances surrounding his petition to those of the petitioner in *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). In *Flores-Ortega*, however, the counsel's error (failure to file a notice of appeal) occurred after the judgment of conviction was entered. Puryear's case involves an alleged error that occurred during trial. Therefore, it is the result of the trial, not the appeal, that Puryear must show would have been different.

In arguing the result of the appeal is the proper focus, Petitioner cites *Davis v. Secretary for the Department of Corrections*, 341 F.3d 1310 (11th Cir. 2003). Petitioner's reliance on *Davis*, however, is misplaced. In *Davis*, the petitioner argued that his trial attorney was ineffective for failing to preserve a *Batson* claim for appeal. In deciding *Davis*, the Eleventh Circuit did not apply § 2254(d)(1) deference to the state court's ruling because the state court did not resolve the merits of the case. *Id.* at 1313. Therefore, the standard of review for *Davis* was *de novo*, which is different from Puryear's case, where we review whether the state court's decisions were contrary to or an unreasonable application of clearly established federal law.

Contrary to Puryear's contention, the state courts properly applied federal law in resolving his ineffective assistance of counsel claim. As established by *Strickland*, to determine prejudice for postconviction relief, the "ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged." *Id*. at 696. In a case like Puryear's, *Carratelli v. Stepp*, No. 09-13349, 2010 WL 2331421 (11th Cir. June 11, 2010), the petitioner claimed his counsel was ineffective because he raised an objection to jury selection but failed to properly preserve it for appeal. The petitioner in *Carratelli* also cited *Flores-Ortega* to demonstrate that the *Strickland* prejudice inquiry that focuses on the forum where it occurred is not always applied. The Eleventh Circuit, however, distinguished *Flores-Ortega* from a situation, such as this one, where the issue was raised but not properly preserved. Thus, the Eleventh Circuit held that there was no clearly established federal law by the Supreme Court specifically addressing whether the federal court should examine the prejudice on appeal rather than at trial in a case like this one. Accordingly, the court held that the district court correctly affirmed the state court decisions holding that the relevant prejudice inquiry should focus on the trial, not on appeal. *Id.* at 3.

This Court has applied the *Carratelli* standard to a federal habeas petition alleging ineffective counsel at trial where counsel failed to renew his objection to the judge's dismissal of jurors without allowing defense counsel an opportunity to question them. *See Acker v. Secretary for the Department of Corrections*, 2009 WL 1149438 (M.D. Fla. April 28, 2009). In *Acker*, like Puryear's case, the proceeding "whose result [wa]s being

challenged" was the trial, where counsel failed to renew his objection to the judge's dismissal of jurors.

Puryear fails to show that he was prejudiced in the outcome of his trial due to counsel's failure to timely renew his objection to the judge's dismissal of three prospective jurors without allowing defense the opportunity to question them. Had counsel questioned the three jurors, we do not know that any of them would have survived cause or peremptory challenges to actually serve on the jury, much less whether the outcome of the trial would have been different. It is Puryear's burden to show the outcome of the trial would have been different and he has not carried that burden. *See Acker* at 11. Therefore, ground one will be denied.

In ground two, Petitioner contends that his trial counsel rendered ineffective assistance by not objecting to the "forcible felony" portion of the jury instruction on self-defense. At the time of Petitioner's trial, the forcible felony exception language was part of the pattern self-defense instruction. The Florida Supreme Court later removed it from the pattern instruction in 2006, saying that the forcible-felony instruction should be given "only if the defendant is charged with more than one forcible felony." *See In re Standard Jury Instructions In Criminal Cases*, No. SC05-1621, 930 So. 2d 612, 614 (Fla. 2006) (citing *Giles v. State*, 831 So. 2d 1263 (4th DCA 2002) (holding that when a defendant is not engaged in a separate felonious act at the time of the alleged aggravated battery, the forcible-felony instruction is circular and confusing to the jury such that it basically negates the defense).

But the standard for ineffective assistance requires that Petitioner demonstrate that no objectively reasonably competent lawyer would have foregone the proposed objection based on state law. Reasonably effective representation cannot and does not include a requirement to make arguments based on predictions of how the law may develop. *See Reutter v. Secretary for the Department of Corrections*, 232 Fed. Appx. 914, 916-917 (11th Cir. 2007) (unpublished), (citing *Spaziano v. Singletary*, 36 F.3d 1028, 1039 (11th Cir. 1994)). Therefore, Petitioner's trial counsel here was not deficient for failing to object to the instruction.

Ground two fails for another reason as well. The forcible felony instruction is still given as the pattern instruction when a defendant, like Puryear, is claiming self-defense, as long as the defendant is engaged in another, independent "forcible felony" at the time. *See Marshall v. State*, 604 So. 2d 799, 803 (Fla. 1992). The proper test for determining the applicability of the instruction is not whether the self-defense act itself could qualify as a forcible felony, but whether, at the time of the self defense, the accused was engaged in a separate forcible felonious act. *See Giles v. State*, 831 So. 2d 1263, 1266 (Fla 4th DCA 2002) (citing *Perkins v. State*, 576 So. 2d 1310, 1311 (Fla. 1991)).

In Petitioner's case, for the forcible felony instruction to apply, the two aggravated assault felonies had to be independent forcible felonies (separate from the act of murder for which the accused is claiming self-defense). The two aggravated charges stemmed from a four person altercation occurring between Petitioner, the murdered victim and two witnesses. The jury convicted Puryear of the two aggravated assault charges. To do so, the

jury had to find that they were separate forcible felonies. The forcible felony exception is therefore applicable to the self-defense instruction given in Puryear's case.

And, regardless of whether or not the two aggravated assault charges were separate and independent from the act for which Petitioner is claiming self-defense, he fails to demonstrate the prejudicial effects of the allegedly erroneous forcible felony instruction. Even if it had been an error to read the forcible felony instruction, it is only a "fundamental error when it deprives the defendant of a fair trial." *Martinez v. State* at 457, (citing *Smith v. State*, 521 So. 2d 106, 108 (Fla. 1988)). To appraise the significance of an error in the jury instructions requires a comparison of the instructions actually given with those that should have been given. To prove a significant error, Petitioner must demonstrate that the forcible felony instruction so infected the entire trial that the resulting conviction violates due process. *See Henerson v. Kibbe,* 431 U.S. 145, 154 (1977). Petitioner fails to demonstrate that the erroneous instruction so infected the entire trial, and given the opportunity in his rule 3.850 proceeding, he failed to demonstrate that had his counsel objected to the forcible felony portion of the instruction there would have been a reasonable probability of a different outcome at trial.

An erroneous jury instruction here would have been harmless because there is ample evidence from which a rational jury could conclude that Petitioner was not justified in the use of deadly force by any definition. By pleading self-defense, Petitioner put before the jury the credibility of his account of the threat he felt and the reasonableness of his reaction to it. *See House v. Lavoie*, 843 F. 2d 474 (11th Cir. 1988). In Petitioner's case, there was

evidence that he armed himself with a weapon in an altercation with an unarmed victim where he had ample opportunity to avoid the use of such deadly force. In light of such evidence, a reasonable jury could conclude that self-defense did not justify Petitioner's deadly use of force, regardless of whether or not he was engaged in a separate forcible felony.

Applying the required deference under AEDPA, it is objectively reasonable to conclude that based on the compelling evidence of his guilt, there was no reasonable probability of a different outcome had Petitioner's counsel objected to the forcible felony instruction. The state decision resulted in a reasonable application of *Strickland* under either prong and a reasonable determination of the facts in light of the evidence. Therefore, ground two will be denied.

## **CONCLUSION**

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to federal habeas relief.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondent and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a COA, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on July 27, 2010.

/s/ James S. Moody, Jr.
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2009\09-cv-2586.deny 2254.wpd